1  Dong Fu
   5813 Geary Blvd,
2  PMB 188
   San Francisco, CA 94121
3  (415) 867 - 5973
   Defendant and Cross-complainant in Pro Per

4

**FILED**

**MAY 3 1 2007**

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

5

## UNITED STATES BANKRUPTCY COURT

6

### NORTHERN DISTRICT OF CALIFORNIA

7

#### SAN FRANCISCO DIVISION

8

| | |
|---|---|
| In re:   DEMAS YAN,      Debtor | ) Bankruptcy Court Case No: 04-33526 TEC |
| | ) Chapter 7 |
| DEMAS YAN, an individual | ) |
|                  Plaintiff, | ) Superior Court Case No: CGC-06-448895 |
|          v. | ) **NOTICE OF REMOVAL** |
| LI MING LEI, an individual; and | ) (28 U.S.C.§ 1446; |
| DONG XING FU, an individual | ) Fed R. Bankr. Pro. 9027) |
|              Defendant | ) **STATUS CONFERENCE** |
| DONG XING FU (TONY FU), | ) Date:  June 29, 2007 |
|       Cross-Complainant | ) Time:  9:30 a.m. |
|          v. | ) Ctrm:  Hon. Thomas Carlson |
| DEMAS YAN, | )        235 Pine Street, 23rd Floor |
|       Cross-Defendant | )        San Francisco, CA ___ |
| LI MING LEI (CRYSTAL LEI), | ) Scheduled Trial Date:  September 25, 2007 |
|       Cross-Complainant | ) **ADVERSARY PROCEEDING NO.____** |
|          v. | ) |
| DEMAS YAN, | ) |
|       Cross-Defendant | ) |

Creditor, Defendant, and Cross-Complainant Tony Fu ("Fu") hereby submits this Notice of Removal pursuant to 28 U.S.C. Section 1446 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, in support thereof respectfully alleges as follows:

1. On January 26, 2006, Demas Yan ("Yan") filed a complaint at the Superior Court of California, County of San Francisco, Unlimited Civil Jurisdiction (Case Number: 06-448895) against Crystal Lei ("Lei") and Fu alleging that (1) Cancellation of Written Instrument (2) Recovery of Compensation Paid to Unlicensed Contractor (Bus & Prof. Code § 7031(b).

2. On March 13, 2006, Lei and Fu filed answer and cross-complaint individually.

3. On Lei's cross-complaint, Lei alleged Yan: (1) Breach of Contract (2) Common Counts (3) Fraud.

4. On Fu's cross-complaint, Fu alleged Yan: (1) Breach of Contract (2) Fraud (3) Exemplary Damages attachment (4) Intentional Tort.

5. Yan's lawsuit was without merit because, on the closing argument of Suen v. Yan case (#05-3257), he simply stated that he had no claim on Fu; nevertheless, a little more than a month later, he turned around and maliciously pursued Fu in Superior Court. Yan then harassed Fu with the Contractor License Board, etc.

6. The Superior Court had a trial date set for December 18, 2006 and it was put on hold after a Notice of Stay sent by Yan's trustee attorney Joanne Lafreniere on November 15, 2006. Please note that the Notice of Stay stated, "This is because the complaint and cross-complaints arise from the same transaction, occurrence, or series of transactions or occurrences as the allegations of the plaintiff's complaint, and thus are in the nature of compulsory cross-complaint. See, e.g., C.C.P. §426.30, and Rule 13, Fed. Rules Civ. Pro. Unlike other actions which can be bifurcated and proceed, the allegations of the parties in this matter are not susceptible to bifurcation, because they

Case: 07-03065    Doc# 1    Filed: 05/31/07    Entered: 05/31/07 14:19:03    Page 2 of 4

are too intertwined. Thus, Yan's complaint cannot be prosecuted without implicating the allegations of the cross-complaints…"

7. On April 23, 2007, the Bankruptcy Court held a trial-setting conference and setting a trial date on Fu's claim on September 25, 2007.

8. The Yan v. Lei and Fu lawsuits are civil actions over which this Court has original jurisdiction under the provisions of 28 U.S.C § 1334 (b) in that the allegations made therein affect the claim and the estate. Accordingly, Fu seeks removal of the entire case for trial on September 25, 2007 to the United States Bankruptcy Court, Northern District of California, San Francisco Division on the ground the claims made therein concern and affect property of this bankruptcy estate and are therefore removable pursuant to 28 U.S.C §§1441 and 1452. In addition, Fu requests that the removed case be assigned to Judge Carlson so that the claims made therein can be considered and adjudicated in the context of which is currently pending before Judge Carlson.

9. WHEREFORE, Fu respectfully prays that the case Yan v. Lei and Fu now pending in the San Francisco Superior Court and bearing Case No. 06-448895 be removed to this Court and assigned to Judge Carlson for further proceedings.

Dated: May 25, 2007

Respectfully Submitted by,

Tony Fu

## PROOF OF SERVICE BY MAIL
## CCP 1013a, 2015.5

       I am a legal resident of the United States, over the age of eighteen, not a party to this action. My business address is 600 Montgomery Street, San Francisco, CA 94111 .

       On May 30, 2007, I served the attached:

(1) NOTICE OF REMOVAL
(2) NOTICE OF STATUS CONFERENCE IN A CASE
     REMOVED TO BANKRUPTCY COURT

On the interested parties as follows:

Joanne M. Lafreniere, Esq.
Law Offices of Stromshiem and Associates
201 California Street, Suite 350
San Francisco, CA 94111

Crystal Lei
337-28th Avenue
San Francisco, CA 94121

   X   BY FIRST CLASS MAIL: On the interested party named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at Geary Postal Office, San Francisco addressed as the above:

       I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 30, 2007, at San Francisco, California.

Stacy Tam